# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| DONALD P. ELDRIDGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-00214-TWP-DML |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed by *pro se* Petitioner Donald P. Eldridge ("Eldridge") (Dkt. [1]). For the reasons explained in this Order, the Motion is **denied** and dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue**.**

### I.   SECTION 2255 MOTION STANDARDS

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. FACTUAL BACKGROUND

On September 24, 2014, Eldridge was charged in a three-count Indictment, *United States v. Eldridge*, No. 4:14-cr-00024-TWP-WGH-1 (S.D. Ind. Sept. 24, 2014) (hereinafter "Crim. Dkt."), Crim. Dkt. [1]. The three counts included Count One: possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); Count Two: carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Three: possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).

On December 9, 2014, with the assistance of counsel, Eldridge filed a petition to enter a guilty plea. Crim. Dkt. [26]. A plea agreement was docketed on April 2, 2015. Crim. Dkt. [38]; Crim. Dkt. [39] (sealed addendum). The plea agreement, entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), provided that Eldridge would plead guilty to counts one and two of his Indictment, and at the time of sentencing, the United States would move to dismiss the remaining count in the Indictment. Crim. Dkt. [38] at 1.

The plea agreement explained that Eldridge's drug offense under Count One would ordinarily be punishable by a sentence of no more than 20 years' imprisonment; a fine of not more than $1,000,000.00, and a period of supervised release of not more than three years following any term of imprisonment. *Id.* at 1-2. However, the United States had filed an information pursuant to 21 U.S.C. § 851 alleging that Eldridge had a prior felony drug conviction. Thus, the maximum penalties for Count One were a term of imprisonment of not more than thirty years, a fine of up to $2,000,000.00, and a term of supervised release of not less than six years following any term of imprisonment. *Id.* at 2. Eldridge's firearm offense under Count Two was punishable by a sentence

of not less than five years that must be imposed consecutively to the sentence in Count One. *Id.* Eldridge's firearm offense had a statutory maximum term of life sentence.

The parties did not stipulate as to terms of his sentence. Rather, Eldridge agreed and stated that he understood that the Court would use its discretion to fashion a sentence within the statutory ranges. *Id.* at 3. He also agreed and understood that the Court would take into account the United States Sentencing Guidelines ("U.S.S.G. " or "the Guidelines") in determining the appropriate sentence within the statutory range, but that the Guidelines are only advisory in nature, and thus the final determination of the sentence would be made by the Court. *Id.*

In the plea agreement, Eldridge stipulated that he had at least two prior felony convictions: a conviction for Burglary - Second Degree in 08-CR-000979 (Jefferson Circuit Court, Kentucky) on or about March 20, 2008, and convictions for Trafficking in a Controlled Substance (Oxycodone) and Trafficking in Marijuana (greater than five pounds) in 11-CR-001605 (Jefferson Circuit Court, Kentucky) on or about June 21, 2011. *Id.* at 4. The parties agreed that Eldridge was entitled to a three level reduction for his acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and the United States intended to argue that Eldridge's overall Guidelines range should be 262-327 months' imprisonment under the U.S.S.G. § 4B1.1(c)(2)(B) and (c)(3). *Id.* at 5.

Finally, Eldridge waived his right to appeal or otherwise challenge his conviction or sentence, except that he retained the right to challenge on appeal the Court's decision at sentencing regarding a Career Offender designation under U.S.S.G. § 4B1.1 and any claims of ineffective assistance of counsel. *Id.* at 6.

A change of plea and sentencing hearing was held on April 13, 2015, at which Eldridge's plea of guilty was accepted. Crim. Dkt. [45]. The Court sentenced Eldridge to 100 months' imprisonment on the drug trafficking conviction and a consecutive 60 month sentence on the

firearm conviction for a total of 160 months imprisonment. Crim. Dkt. [48]. Judgment was entered on April 23, 2015. *Id.*

On November 21, 2016, Eldridge filed the instant Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and memorandum in support thereof. Dkt. [1]; Dkt. [2]. He supplemented his Motion on May 15, 2017, and May 24, 2017. Dkt. [13]; Dkt. [14]. The United States responded in opposition. Dkt. [22]. Eldridge has not filed a reply, and the time to do so has passed.

### III. DISCUSSION

Eldridge challenges the sentence imposed. He argues that he should not have received the career offender enhancement under U.S.S.G. § 4B1.1 given the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Johnson*, the Supreme Court held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, while in *Mathis*, the Supreme Court discussed the appropriate analysis of comparing past convictions to a generic offense, such as those listed under the enumerated clause of the ACCA.

Eldridge argues that his prior conviction for second degree burglary in Kentucky is not a "crime of violence" under the Guidelines. Dkt. [1] at 4; Dkt. [2] at 4; Dkt. [13] at 4-5. In the first supplement to his Motion, Eldridge also argues that his sentencing counsel was ineffective in failing to perfect an appeal because his direct appeal would have been pending when *Johnson* issued, and he would have therefore received the benefit of *Johnson*'s holding. Dkt. [13] at 6. He further alleges ineffective assistance of counsel on the part of the Federal Public Defenders' Office for failing to file a § 2255 motion on his behalf. Dkt. [13] at 7. In the second supplement to his Motion, Eldridge argues that, in view of *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), his

4

prior Kentucky drug conviction is not a "controlled substance offense" for enhancement purposes under U.S.S.G. § 4B1.1.

The United States argues that Eldridge is bound by the collateral relief waiver in his plea agreement. Dkt. [22] at 6. The United States further argues that even without the waiver, Eldridge is not entitled to relief under *Johnson*, *Mathis*, or *Hinkle*. Dkt. [22] at 8-16.

**A.     Waiver of § 2255 Motion**

The United States argues that Eldridge waived his right to challenge his conviction and sentence in a § 2255 motion. Eldridge's plea agreement included a specific provision where he agreed:

> 11. Defendant understands that he has a statutory right to appeal the conviction and sentence imposed, as well as the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the United States in this agreement, Defendant waives his right to appeal the conviction and any sentence imposed in this case on any and all grounds except as specified in paragraph 17 of this agreement. This appellate waiver includes the right to appeal conferred by 18 U.S.C. § 3472. Additionally, except for the issue noted in paragraph 17 of this agreement, the Defendant agrees not to contest or seek to modify his conviction or sentence, or the manner in which the sentence was determined, in any type of proceeding – including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

Crim. Dkt. [38] at 5-6. Paragraph 17 titled "final provision" contains statements such as how the plea agreement is the "complete and only plea agreement" between Eldridge and the United States and is binding only on the parties to the agreement. This paragraph does not appear to be relevant to this waiver provision. Rather, it appears his waiver intended to refer to paragraph 12 of the agreement:

> 12. The Defendant shall retain the right to challenge on appeal the Court's decision at sentencing regarding a Career Offender designation under USSG § 4B1.1.

*Id.* at 6. Moreover, Eldridge's waiver did not "encompass claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel." *Id.* Because Eldridge's

5

§ 2255 motion is facially within the scope of the exception to his waiver, he is entitled to a decision on the merits of his claims.

**B.      Sentencing Guidelines**

Eldridge argues that he was improperly designated as a career offender and subjected to an enhancement under the Guidelines.

Such a claim is not cognizable in a § 2255 motion. *See Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998) ("errors in the implementation of the Sentencing Guidelines are generally not cognizable under collateral attack."); *Scott v. United States*, 997 F2d 340, 341-42 (7th Cir. 1993) ("[a] claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."). "It is well settled that, absent a fundamental miscarriage of justice, arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all." *Id.* at 563 (quoting *Martin v. United States*, 109 F.3d 1177, 1178 (7th Cir. 1996) (*per curiam*)) (internal quotations removed).

The Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). *See Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). "The Seventh Circuit has held that an erroneous determination that a petitioner was a career offender is not a cognizable error under § 2255 after the Guidelines were made advisory." *United States v. Adkins*, 743 F.3d 176, 193 (7th Cir. 2014) (internal citations omitted); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (citing *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013)) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the

district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

Eldridge was sentenced in 2015, long after *Booker* was decided. Moreover, he received a sentence of 160 months' (13 years) imprisonment, which was well below the statutory maximum of thirty years on Count One (or twenty years without the prior felony conviction information), and of life imprisonment on Count Two. His sentence of 160 months was also well below the advisory Guidelines' range of 262-327 months' imprisonment. Therefore, he cannot demonstrate a miscarriage of justice based on a miscalculation of his advisory Guidelines to permit consideration of his claim in a § 2255 motion.

Even if Eldridge could demonstrate a miscarriage of justice, his claim regarding his conviction in Kentucky for second-degree burglary would require consideration of the Sixth Circuit's recent May 8, 2018, holding in *United States v. Malone*, 889 F.3d 310, 313 (6th Cir. 2018). In *Malone*, the Sixth Circuit held "that Kentucky second-degree burglary categorically qualifies as generic burglary under the ACCA's enumerated-offenses clause." *Id.* As to Eldridge's conviction in Kentucky for Trafficking in a Controlled Substance in the first degree, the Eastern District of Kentucky recently held that another defendant's 2003 conviction under Ky. Code 218A.1412 ("Trafficking in controlled substance in first degree -- Penalties.") constitutes a controlled substance offense as defined in § 4B1.2(b) for purposes of § 4B1.1. *See United States v. Israel*, 2018 U.S. Dist. LEXIS 34542, at *38-39 (E.D. Ky. Feb. 12, 2018). Thus, even if this Court considered the merits of his *Mathis* claim, it appears that his prior state criminal felony convictions qualify for purposes of § 4B1.1.

## C. Ineffective Assistance of Counsel

Eldridge also argues that his sentencing counsel was ineffective in failing to perfect an appeal because his direct appeal would have been pending when *Johnson* issued, and he would have therefore received the benefit of *Johnson*'s holding. Dkt. [13] at 6.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Eldridge's ineffective assistance of sentencing counsel claim fails for multiple reasons. First, Eldridge agreed to an appeal waiver when he signed the plea agreement and later pleaded guilty. Generally, if a defendant specifically requests that his counsel file a notice of appeal on his behalf, it is *per se* ineffective assistance of counsel for him to fail to do so. *See Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012). However, the general rule does not apply when an attorney declines to file a notice of appeal in the face of an appeal waiver. *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). In fact, "[w]ith a waiver in force, counsel's duty to protect his

client's interests militates against filing an appeal." *Id.* That is because Seventh Circuit precedent allows a prosecutor to withdraw concessions made as part of a bargain when a defendant appeals in the face of a waiver. *Id.* (internal citations omitted). Thus, in this scenario, "a lawyer should do what's best for his client, which usually means preserving the benefit of the plea bargain. That this approach also honors the lawyer's duty to avoid frivolous litigation is an extra benefit." *Id.*

Second, Eldridge fails to show that it would have been obvious for his counsel to file an appeal based on *Johnson* even before *Johnson* had been decided. *See Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) ("appellate counsel is ineffective if counsel fails to raise issues that are (1) obvious, and (2) clearly stronger than the ones raised"), abrogated on other grounds by *United States v. Ceballos*, 302 F. 3d 679, 692 (7th Cir. 2002). This is because *Johnson* had not yet been decided at the time of Eldridge's sentence. Moreover, *Johnson* does not grant any relief to Eldridge, and any appeal would have been futile. *See United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

In 2015, the Supreme Court held that the so-called residual clause of the ACCA was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. The Seventh Circuit has summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

9

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). Eldridge was not convicted as an armed career criminal under the ACCA, so *Johnson* is inapplicable. Moreover, to the extent that Eldridge argues that the identical residual clause in the career offender provision of the Guidelines is also unconstitutionally vague based on *Johnson*, such a claim is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the advisory Guidelines "are not subject to vagueness challenges under the Due Process Clause."

Thus, Eldridge's claim of ineffective assistance of sentencing counsel for failing to file an appeal lacks merit. No relief is warranted on this basis.

**D.** **<u>Ineffective Assistance of § 2255 Counsel</u>**

Eldridge's last claim is that he received ineffective assistance of counsel on the part of the Federal Public Defenders' Office for failing to file a § 2255 motion on his behalf. Dkt. [13] at 7. Instead, Eldridge filed his § 2255 motion on his own.

"A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).[1] It is well-settled that where there is no constitutional right to counsel, he cannot "be deprived of the effective assistance of counsel." *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982).

Thus, Eldridge's ineffective assistance of § 2255 counsel claim lacks merit. Even if he was entitled to counsel, though, he has not identified any prejudice from the delay in the filing of his § 2255 petition. Thus, relief is not available to Eldridge on this ground.

---

[1] Under 18 U.S.C. § 3006A(a)(2), the district court may discretionarily appoint counsel for a § 2255 petitioner if "the interests of justice so require." The court must appoint counsel if it determines that an evidentiary hearing is required to decide the motion, Rule 8(c) of the *Rules Governing Section 2255 Proceedings*, or if counsel is necessary for effective discovery, Rule 6(a) of the *Rules Governing Section 2255 Proceedings*. Eldridge has not requested that the Court appoint counsel, nor is counsel required in this case.
10

## IV. CONCLUSION

For the reasons explained in this Order, Eldridge is not entitled to relief on his § 2255 Motion. There was no ineffective assistance of counsel and his sentence was not unconstitutional. Accordingly, Eldridge's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Dkt. [1]), is **DENIED** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the **Clerk shall docket a copy of this Order in Case No. 4:14-cr-00024-TWP-WGH-1.** The Motion to Vacate in the underlying criminal action, (Dkt. [56]), shall also be **terminated**.

## V. CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Eldridge has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 8/23/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Donald P. Eldridge, #12492-028
McCreary U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 3000
Pine Knot, Kentucky  42635

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov